IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NANCY L. HAASE,<br><br>               Plaintiff,<br><br>vs.<br><br>OFFICE OF SOCIAL SECURITY ADMIN.,<br><br>               Defendant. | 8:24-CV-296<br><br>ORDER TO SHOW CAUSE |

    The *pro se* plaintiff, Nancy Haase, sued the defendant, the Social Security Administration, alleging she is owed unpaid benefits through her "Direct Express" debit card. *See* filing 1-1 at 1. The defendant has asserted that the plaintiff passed away approximately five days after filing her complaint, and it moves to dismiss the plaintiff's complaint. Filing 11 at 2.

    If a plaintiff dies, and her claim is not extinguished, a substitution must be made, or else the action by the decedent must be dismissed. Fed. R. Civ. P. 25(a)(1). The substitution must occur within 90 days after "service of a statement noting the death." *Id*. But a court, in the interests of equity and in protecting a *pro se* party, may require a defendant to undertake a good-faith effort to identify an appropriate representative for the decedent. *See Lawson v. Cnty. of Wayne*, No. 11-cv-11163, 2012 WL 5258216, at *2 (E.D. Mich. Oct. 23, 2012) (collecting cases); *Stanford v. Paulk*, No. 05-cv-79, 2006 WL 1651655, at *2 (M.D. Ga. Jun. 7, 2006); *Hardy v. Potter*, No. 08-cv-223, 2009 WL 765028, at *2 (S.D. Ga. Mar. 23, 2009); *Jones v. Prison Health Servs.*, No. 11-cv-12134, 2014 WL 117326, at *1 (E.D. Mich. Jan. 13, 2014); *accord Torres v. Bayer Corp.*, 616 F.3d 778, 781-84 (8th Cir. 2010) (courts must ensure the adequacy of representation in substitutions in Rule 25(a)(1)); *cf. Hardy v. Cross*, 565 U.S.

65, 69 (2011) (courts have a responsibility to require good-faith effort in identifying a missing witness).

Here, the plaintiff's claim for unpaid benefits might belong to her estate, and that claim is not extinguished by the asserted death. 20 C.F.R. § 404.503(b). It's unclear whether the plaintiff or her estate received notice of the defendant's suggestion of the plaintiff's death; neither the motion nor the brief filed by the defendant contain a certificate of service. *See* filing 9; filing 11. The defendant rather passively mentioned the death in its brief. *See* filing 11 at 2. The Court does not consider this sufficient service of a statement noting the death under Rule 25(a)(1), particularly because the defendant removed this case to federal court and the procedural posture of the case might be lost on a layperson receiving the plaintiff's mail.

The defendant seeks to dismiss the plaintiff's complaint because she passed away, and so there is no party in interest and no standing. It's axiomatic that without a plaintiff, there's no standing, and no jurisdiction, which is why Rule 25(a)(1) requires dismissal if a party has passed away and no substitution is made. *See Herskowitz v. Reid,* 187 Fed. App'x 911 (11th Cir. 2006). Because the Court is obligated to resolve jurisdictional defects before considering a party's claims, the Court will not assess the merits of the defendant's motion to dismiss under Rule 12(b)(6) at this time. *See, e.g.*, *United States v. Harcevic,* 999 F.3d 1172, 1178 (8th Cir. 2021); *Johnson v. United States,* 534 F.3d 958, 964 (8th Cir. 2008). And the Court has broad discretion to adjudicate alleged jurisdictional defects. *Johnson v. United States,* 534 F.3d 958, 964 (8th Cir. 2008) (quoting *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995)).

For these reasons, the Court will require the defendant to submit evidence of a good-faith effort to notify the plaintiff's estate or successors of its suggestion of death, utilizing both Rule 4 and Rule 5. The 90-day clock under

Rule 25(a)(1) will begin upon further order of the Court, if the Court finds the defendant's evidence to be satisfactory. If those 90 days expire, and the plaintiff fails to respond, or if an adequate representative of the plaintiff's estate fails to move to substitute a party, then the plaintiff's complaint will be dismissed.

IT IS ORDERED:

1. On or before December 12, 2024, the defendant shall submit evidence of its efforts to notify all interested parties of the suggestion of the plaintiff's death.

2. The Clerk of the Court shall set a show cause deadline for December 12, 2024.

Dated this 13th day of November, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 3 -